2016 ISAAC INDUSTRIES v. United States The trial court was correct in dismissing Isaac's case below. Isaac was not misled in their filing of protests here. The joint appendix shows that the protest was filed in L.A. Long Beach on April 18, 2005. That was the first protest, and that protest was denied in November of 2005. As the court recognized, it's simply an untimely summoned case off of a November 18, 2005 denial. How do you react to the argument that that was an ineffective filing because the L.A. office had no authority to assess that drawback? The L.A. office did have authority. The Federal Register notice in 2003, there was a final ruling at Federal Register notice stating and addressing to the public that the Miami drawback office was closing for drawback services and that any unliquidated claims within a year of that closing date would be transferred to L.A. Long Beach for further decision. But his argument is that that Federal Register notice is ineffective because the regulations otherwise require that he file it in the office where the port of entry is. Is that right? The notice is where the decision is to be done. The decision on this case was done in L.A. Long Beach. The notice was posted in Miami because the regulations state that the bulletin notice has to be given at the port of entry where the underlying drawback entry was entered, and that happened to be Miami. The decision to deny drawback was a decision of L.A. Long Beach, and that is why Isaac had properly protested to L.A. Long Beach on April 18, 2005. That denial became final and conclusive when Isaac failed to bring that timely to the Port of International Trade. So the argument that there is something irregular about what was done in Los Angeles is not a valid argument anymore because, irregardless, it's final and conclusive already. He argues that 19 CFR 174.12b says that protest shall be filed with the port director whose decision is protested. So his argument is you can't file it in L.A. despite your desire to move the drawback processing somewhere else because the regulation says that it has to be filed where the protest is occurring. What's your response to that? I understand your point that the notice, of course, has to be filed at the point of entry, but you're not really responding to his point that, in fact, even though he originally thought he had to file in L.A., he later realized that, no, that was wrong because the regs said he had to file somewhere else. Assuming that that's correct because there was nothing that Isaac did that either sought to withdraw the protest that was filed in L.A. Long Beach on April 18, 2005, nor was there anything after the denial, the November 2005 denial in which Isaac is contesting that L.A. Long Beach did not have the authority to do that. There was nothing to that effect. But the decision, the actual decision to deny the drawback, was made pursuant to the January 21, 2005 notice, which was an extensive review of why specifically the drawbacks were denied. But nothing in the CIT decision actually concludes that that L.A. action was authorized, does it? It simply says to the extent you're protesting the L.A. action, that would be untimely. But it doesn't really address the question of whether there's a different protest that might still be alive or whether the L.A. office had the authority. Well, I believe that page 9 on JA-9, the trial court goes into how L.A. Long Beach had authority to make the decisions on drawback and did make the decisions on drawback in a specific instance. And they go through the federal register notice. That federal register notice ended up in a change in amendment to 19 U.S.C. 101.3, which took the designation of a drawback service center from Miami out. It was no longer a drawback service center. But not at the time that the information was transferred. That occurred later, correct? Correct. That the information was transferred pursuant to the federal register notice on or about November of 2004. The 2004 and that federal register notice told of how 19 U.S.C. 101.3 was being amended. The 2004 version of the CFR shows that amendment occurring. So the only place where this could have been, the only place that had authority was L.A. Long Beach for these drawback service centers. To the extent that there is this April 29, 2005 submission or fax of a protest to Miami Long Beach, and that was the second one. The first one was to L.A. Long Beach on April 18, 2005. The second one, April 29, 2005 fax to Miami was returned. They were no longer a drawback service center. It was returned by a resolution request in June 2005. Isaac did nothing about that. There is no protest of that decision by Customs to return it either. So what is final and conclusive pursuant to 1514 is the denial of the protests on November 2005. And for those reasons, that is why the trial court's decision should be affirmed below. If you have any further questions. Thank you very much. Eric? As was cited in the briefs, I believe the case of CMAX was instructed in that the language in that case says that Customs chose to effect their liquidation by posting the bulletin notices. More than passive or ministerial, Customs actions constitute a decision within the context of Section 1514A. So the decision is not the drawback decision. The decision is the posting of the liquidation via the bulletin notices, and that's what's protested. And that's what constitutes a valid protest, which is still pending at this time. Why didn't you file anything even as a protective matter as it relates to L.A.? Well, that was sort of like my opening thing on the reply about being in the horns of a dilemma, because we're trying to figure out which way to go. We chose eventually to go with the Long Beach because they were telling us it was being liquidated. Subsequently, we found out it wasn't true because they were liquidated in Miami. So that would have meant we'd be filing separately against Miami and against Long Beach. Did you think you'd get a different answer in Miami? I have no idea what the government would do, Your Honor. Any further questions? No. Thank you very much. Thank you, Judge. I thank both counsel. The case is submitted. Next argument to appeal.